13-961
Osei-Wusu v. Holder

BIA
Straus, IJ
A099 213 037

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

KWADJO AKYAW OSEI-WUSU, AKA ACHAW OSEI-OWUSU,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

13-961
NAC

_____

FOR PETITIONER:          Ryan E. Bausch, West Hartford, CT.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Matthew B. George, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kwadjo Akyaw Osei-Wusu, a native of Nigeria and citizen of Ghana, seeks review of a February 19, 2013, order of the BIA, affirming the September 19, 2011, decision of an Immigration Judge ("IJ"), which denied his motion to reopen as untimely. *In re Kwadjo Akyaw Osei-Wusu*, No. A099 213 037 (B.I.A. Feb. 19, 2013), *aff'g* No. A099 213 037 (Immig. Ct. Hartford, CT Sept. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's decision affirming an IJ's denial of a motion to reopen for abuse of discretion. *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir. 2000); *see Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no

2

dispute that Osei-Wusu's motion to reopen, filed in 2011, was untimely because his order of removal became final in 2006. *See* 8 U.S.C. § 1101(a)(47)(B)(I). Osei-Wusu contends, however, that his creation of a Facebook group page critical of the Ghanaian government constitutes materially changed country conditions excusing his motion from the applicable time limitation.

We conclude that the BIA did not abuse its discretion in denying Osei-Wusu's motion for failure to demonstrate his *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (recognizing that an alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [relief], which means she must show a 'realistic chance' that she will be able to obtain such relief" (citations omitted)). The agency reasonably determined that Osei-Wusu did not demonstrate his *prima facie* eligibility for asylum and withholding of removal because the State Department's 2010 Human Rights Report contained no reports of internet monitoring and indicated that Ghanaians were free to engage in peaceful expression of views online. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that

3

absent solid support in the record for the petitioner's assertion that he would be persecuted, his fear was "speculative at best"). The agency also properly noted that Osei-Wusu had failed to present any evidence showing that his Facebook group page was widely viewed. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) ("[T]o establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."). In addition, the agency reasonably determined that Osei-Wusu had not demonstrated his *prima facie* eligibility for adjustment of status because he submitted no evidence showing that his wife was a United States citizen or that he was the beneficiary of an approved visa petition. *See* 8 U.S.C. § 1255(a) (listing eligibility requirements for adjustment of status).

Because the BIA did not abuse its discretion in denying Osei-Wusu's motion for failure to demonstrate his *prima facie* eligibility for relief, we decline to consider his challenge to the agency's alternative finding that country conditions had not materially changed. *See INS v.*

4

*Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk